**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000510
24-AUG-2015
08:24 AM**

NO. CAAP-14-0000510

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,
Plaintiff-Appellee,
v.
MARGARET J. YOUNG, JORDAN M. YOUNG,
Defendants-Appellants,
and
JOHN DOES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 11-1-0224)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Defendants-Appellants Margaret J. Young and Jordan M. Young (together, **Youngs**) appeal from the following entered in the Circuit Court of the Fifth Circuit[1] (**circuit court**): (1) the "Renewed Findings Of Fact, Conclusions Of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties And For Interlocutory Decree Of Foreclosure Filed May 3, 2013," entered January 2, 2014; and (2) the "Renewed Judgment," entered January 28, 2014.

On appeal, the Youngs contend the circuit court erred in granting the motion for summary judgment (**MSJ**) of Plaintiff-Appellee JP Morgan Chase Bank, National Association (**Chase**) because (1) Chase failed to admit the Youngs' loan general ledger into evidence; (2) there were genuine issues of material fact as

---

[1] The Honorable Randal G.B. Valenciano presided.

to whether Chase owned the loan; (3) the affirmation of Chase's attorney should have been stricken as defective; and (4) summary judgment was premature given the Youngs' discovery needs.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude the Youngs' appeal is without merit.

## 1. General Ledger

The Youngs contend that "Chase deliberately failed to submit into evidence a verified loan General Ledger" and, therefore, the circuit court erred in granting Chase's MSJ. Although Chase did not initially attach a general ledger to their MSJ, the circuit court gave leave for Chase to supplement their MSJ with a general ledger and continued the MSJ hearing until Chase had done so. Chase subsequently attached the general ledger and transaction history, along with an affidavit from Chase's attorney, to its supplemental motion for summary judgment filed June 12, 2013.

The Youngs also appear to challenge the sufficiency of Chase's admitted general ledger. We are unable to consider the merits of the Youngs' challenge because the Youngs failed to include the transcript of the June 4, 2013 or July 25, 2013 MSJ hearings (**MSJ Transcripts**) in the record on appeal. The Hawaiʻi Supreme Court has held that "[t]he burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript. The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (citations and quotation marks omitted). Without the transcript from the hearing, we have no basis upon which to review the propriety of the circuit court's decision or the merits of the Youngs' appeal. See id.; see also Lepere v. United Public Workers, Local 646, AFL-CIO, 77 Hawaiʻi 471, 473, 887 P.2d 1029, 1031 (1995); Union Bldg. Materials Corp. v. Kakaako Corp.,

2

5 Haw. App. 146, 153, 682 P.2d 82, 88 (1984); Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 266, 799 P.2d 60, 66 (1990) (holding that the court is unable to review asserted errors where appellant has failed to provide a transcript of proceedings below).

## 2. Standing to Foreclose

The Youngs contend that Chase lacked standing to foreclose on their Mortgage because Chase was not adequately assigned the Promissary Note (**Note**) and Mortgage from Washington Mutual Bank, F.A. (**Washington Mutual**). First, the Youngs argue that it was a federal crime for Washington Mutual to assign the Note to Chase because Washington Mutual had filed for bankruptcy and been appointed a receiver before assigning the Note to Chase. In support of their argument, the Youngs attached a copy of Washington Mutual's voluntary petition for bankruptcy and a report from Offices of the Inspector General to their opposition to motion for summary judgment (**Opposition to MSJ**).

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Hawai'i Rules of Civil Procedure (**HRCP**) Rule 56(e); see K.M. Young & Assoc., Inc. v. Cieslik, 4 Haw. App. 657, 664, 675 P.2d 793, 799 (1983) (holding that the non-moving party in a properly supported motion for summary judgment must respond by setting forth specific facts showing a genuine issue of material fact). The Youngs failed to offer specific facts demonstrating that their Note and Mortgage were part of the bankruptcy estate, establish how a stay would have affected Washington Mutual, or determine how the appointment of a receiver affected Washington Mutual.

Second, the Youngs contend that "Chase was unable to claim that it was assigned a mortgage entered into by [Washington Mutual] on March 4, 2008, when in fact [Washington Mutual] ceased to exist and had no capacity to contract as of January 1, 2005, more than three years earlier . . . ." The Youngs raised this

3

argument in their Opposition to MSJ and attached a page from a United States Securities and Exchange Commission report in support of their argument.  The included page states, in part:

> On January 1, 2005, the [First American Title Insurance Company's (**Company**)] state savings bank, the former Washington Mutual Bank merged into [Washington Mutual], and ceased to exist; subsequently, [Washington Mutual] changed its name to Washington Mutual Bank . . . . Consequently, the Company no longer owns a state savings bank that is subject to regulation and supervision by the Director of Financial Institutions of the State of Washington.

The Youngs failed to present evidence demonstrating how the merger would have affected Washington Mutual in the current proceedings.  Therefore, the Youngs failed to show a genuine issue of material fact as to any of their challenges to Chase's MSJ.  See K.M. Young, 4 Haw. App. at 664, 675 P.2d at 799.

Finally, the Youngs contend that Washington Mutual did not adequately endorse the Note to Chase, as required under Hawaii's Uniform Commercial Code, because the Note contains a blank endorsement.  Hawaii Revised Statutes (**HRS**) § 490:3-205(b) (2011 Repl.) permits blank endorsements and provides

> (b) If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement". When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

This court has repeatedly held that under HRS § 490:3-205(b), "a trial court does not err in finding that a plaintiff is the holder of a note when the plaintiff bears the note, a blank endorsement establishes that the plaintiff is the holder of the note, and there is a declaration stating that the note is a true and accurate copy of the note in the plaintiff's possession." Wells Fargo Bank, N.A. v. Pasion, No. CAAP-12-0000657, 2015 WL 4067259, at *3 (App. June 30, 2015) cert. dismissed, No. SCWC-12-0000657, 2015 WL 4607737 (Haw. July 30, 2015); see Mortgage Elec. Registration Sys., Inc. v. Wise, No. CAAP-11-0000444, 2012 WL 5971062, at *1 (App. Nov. 29, 2012), aff'd on other grounds, 130 Hawai'i 11, 304 P.3d 1192 (2013). Here, Chase provided evidence that it possessed the Note, the blank endorsement established that Chase could possess the Note, and the MSJ attached a declaration establishing that the Note was a true and accurate copy of the Note in Chase's possession.

4

Therefore, the assignment of the Note to Chase was sufficient and the circuit court did not err in granting summary judgment in favor of Chase.

## 3. Attorney Affirmation

The Youngs contend the attorney affirmation from Chase's attorney should be stricken because the affirmation does not conform with HRS § 667-18 (Supp. 2014). Specifically, the Youngs argue that the affirmation is insufficient because it "merely provided hearsay" and admits that Chase's representatives "were unable to attest to the 'accuracy of the notarizations contained in the documents' as unable to be 'reliably evaluated,' and 'could not make any representations about affidavits or other notarized documents that were not (a) created by [Chase] . . . and (b) signed by [Chase.]'"

HRS § 667-18 provides that "[a]n attorney who files a complaint in a mortgage foreclosure action shall affirm in writing, under penalty of perjury, that to the best of the attorney's knowledge, information, and belief the allegations contained in the complaint are warranted by existing law and have evidentiary support." Chase's attorney filed an "Affirmation of Attorney" on May 3, 2013, which provided, in relevant part:

> 2. I received communication from representative of [Chase] regarding this action declaring that the representative (a) personally reviewed [Chase's] documents and records relating to this case for factual accuracy; and (b) confirmed the affidavit(s) and any other notarized documents, the representative could not make any representations about affidavits or other notarized documents that were not: (a) created by [Chase] following the borrower's most recent default and (b) signed by [Chase] either in its capacity as servicer, attorney-in-fact, or beneficiary under current procedures that ensure personal review by the signatory and execution in the presence of a notary as the "accuracy of the notarizations contained in the documents" cannot otherwise be reliably evaluated.
>
> . . . .
>
> 3. Based upon my communication with representatives of [Chase], and upon my own inspection and other reasonable inquiry under the circumstances, I affirm that to the best of my knowledge, information, and belief, the Summons, Complaint, and other papers filed with the Court in this matter contain no false statements of fact or law and that [Chase] has legal standing to bring this foreclosure action.

The attorney affirmation affirmed that, to the best of the attorney's knowledge, information, and belief, the allegations

found in the Complaint were warranted by existing law and had evidentiary support in the form of confirmed affidavits and notarized documents.  The attorney affirmation satisfied the requirements under HRS § 667-18.

We are unable to consider the merits of the Youngs' other challenges to the evidentiary sufficiency of the statements made in the affirmation because the Youngs failed to include the MSJ Transcripts in the record on appeal.  Without the transcript from the hearing, we have no basis upon which to review the propriety of the circuit court's evidentiary rulings.  See Lepere, 77 Hawai'i at 473, 887 P.2d at 1031.

**4.  HRCP Rule 56(f) Request for Continuance**

The Youngs also contend the circuit court erred in denying their request for more time to conduct discovery.  In their Opposition to MSJ, the Youngs argued that additional time for discovery for "standing issues [was] obviously needed in the form of document production and oral depositions . . . to determine the standing/jurisdictional facts of this case[.]"  The Youngs' attorney attached an affidavit to the Opposition to MSJ that provided:

> 3. In order to determine whether the claimed assignment of the subject mortgage and note to [Chase], for example, is valid, I need to take the oral depositions of the signatories thereto, as well as to secure the relevant and material production of documents from [Chase], from the Receiver and the Bankruptcy Trustee for [Washington Mutual] as well.

We construe the Youngs' request for more time as a request for continuance, pursuant to HRCP Rule 56(f).[2]  Ralston v. Yim, 129 Hawai'i 46, 63, 292 P.3d 1276, 1293 (2013) ("HRCP Rule 56(f) is the appropriate means by which parties can ensure that they have adequate time to respond to a motion for summary

---

[2]      [HRCP] Rule 56.  Summary Judgment

. . . .

(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

judgment."). We review a circuit court's denial of a request for continuance under an abuse of discretion standard of review. See Associates Fin. Servs. Co. of Hawaii, Inc. v. Richardson, 99 Hawaiʻi 446, 454, 56 P.3d 748, 756 (2002). Given that the Youngs have failed to include any of the MSJ Transcripts in the record on appeal, we are unable to review whether the circuit court abused its discretion in denying the Youngs' request for continuance. See Lepere, 77 Hawaiʻi at 473, 887 P.2d at 1031. Therefore, the circuit court's denial of the Youngs' request must remain undisturbed.

Therefore,

IT IS HEREBY ORDERED that the January 2, 2014 "Renewed Findings Of Fact, Conclusions Of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties And For Interlocutory Decree Of Foreclosure Filed May 3, 2013," and the January 28, 2014 "Renewed Judgment," both entered in the Circuit Court of the Fifth Circuit are affirmed.

DATED: Honolulu, Hawaiʻi, August 24, 2015.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
(Dubin Law Offices)
for Defendants-Appellants.

Charles R. Prather
Sofia Hirosane McGuire
(RCO Hawaii)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7